## In re Anonymous No. 29 D.B. 76

Disciplinary Board Docket no. 29 D.B. 76.

## REPORT OF THE HEARING COMMITTEE, AUGUST 25, 1977

Pursuant to Rule 17-6 (now Rule 214) of the Rules of Disciplinary Enforcement, hearing committee

[  ] herewith submits its findings and a recommendation anent this petition for discipline.

## STATEMENT OF THE CASE

On April 13, 1976, following an informal admonition administered by chief disciplinary counsel authorized by Rule 17-8(a) (now Rule 208) of the Supreme Court Rules of Disciplinary Enforcement; respondent as was his privilege under the rule, requested the informal admonition be vacated and demanded a formal proceeding be instituted against him before a hearing committee.

His request was granted and, accordingly, this petition for discipline was prepared and filed (October 21, 1976) charging him with violation of disciplinary rules:

D.R. 1-102(A)(6)—Engaging in conduct that adversely reflects on his fitness to practice law.

D.R. 6-101(A)(3)—Neglect of a legal matter entrusted to him.

D.R. 7-101(A)(1)—Intentionally failing to seek lawful means to best serve his client.

D.R. 7-101(A)(3)—Prejudicing his client's cause during his professional relationship.

After due notice, the petition came on for hearing (January 11, 1977) at which time respondent appeared sans counsel and insisted on representing himself. He also agreed the petition be processed by two committee members after having been informed member [A] had excused himself because his son [B], Esquire (a practicing attorney) had been retained by the complainant to represent her then minor son in the case which is the basis of this disciplinary proceeding.

Disciplinary counsel then called Mrs. [C] who testified that sometime in 1971, she consulted respondent concerning her minor son's claim for carpentry work done for a Mr. and Mrs. [D] who refused to pay.

Respondent accepted the retainer and agreed to prosecute it to a final determination. He then requested a detailed written statement of the claim which was immediately thereafter submitted to him.

Subsequently, for almost a full year she heard nothing from him, after which she called by telephone every few months but without success until sometime in 1974 when in disgust she called and left a fictitious name and her correct telephone number which resulted in a return call. Respondent claimed he didn't receive her messages but "would go on with the case," but that he had not, up to that time, filed process on behalf of her son: "I recall him telling me he was waiting, it takes time, he was waiting."

Shortly thereafter, in early 1975, respondent, for the first time, informed her he didn't want to carry the case forward because it was too small a claim.

Following that information, a complaint was filed with the Disciplinary Board in July of 1975, which caused respondent to start suit against [D] on October 20, 1975, as of Court of Common Pleas, October term 1975, no. [   ].

Respondent was then discharged and withdrew his appearance on May 20, 1976 (after having been reimbursed $30 for costs expended) and [B], Esq., entered his appearance for plaintiff on the same day. Attorney [B] carried the claim forward which resulted in an arbitrators' award in favor of plaintiff, [E] (having by that time attained his majority)

in the sum of $400 as of August 16, 1976, upon which judgment was entered on October 22, 1976.

Respondent testified that he had been retained in the summer of 1972 by [C] to prosecute a claim on behalf of her son but informed her that he was of the opinion that the case was a very, very weak one and was a fruitless expedition but did agree to communicate with defendant (Mr. [D]) in an effort to effect some sort of resolution.

He thereupon wrote to "Mr. [D]" with the thought in mind that the matter would then be resolved without further proceedings. He denied he didn't answer telephone calls and when he didn't hear from his client for "at least a year, maybe two," he assumed the complainant was willing to drop the case and was relieved.

However, he didn't so notify complainant nor did he do anything in the case until sometime in October 1975, after a complaint had been filed with the Disciplinary Board; and only then because he wanted to avert any further contact with the Disciplinary Board rather than in an effort to properly represent the best interests of his client.

## FINDINGS OF FACT

I.  Respondent is an attorney admitted to practice law in the Commonwealth of Pennsylvania with offices at [   ] Street, [   ], Pa.

II.  Sometime in 1972 [C] retained respondent to prosecute her minor son's case for carpentry work performed in the home of [D] for which [D] refused to pay.

III.  Respondent accepted the representation in the summer of 1972, but did nothing to effectuate his client's interests until October of 1975, when he

caused suit to be instituted after a complaint had been filed with the Disciplinary Board.

IV. Respondent neglected and refused to answer complainant's telephone calls from 1972 to 1974 when the complainant called and left a fictitious name but her correct telephone number.

V. In 1974, respondent answered that telephone call and informed complainant he would continue his representation.

VI. In early 1975, respondent informed complainant he had decided to withdraw from the case because it was too small a claim.

VII. Following a complaint filed in the office of the Disciplinary Board, respondent on October 20, 1975, instituted suit against [D] on behalf of [E] (who had by that time attained his majority) as of Court of Common Pleas, October term 1975, no. [  ].

VIII. Prior to instituting suit, respondent did not investigate the ownership of the [D] residence or the financial background of [D].

IX. On May 20, 1976, respondent upon being paid $30 (return of filing fees, etc.) withdrew his appearance for plaintiff and the appearance of [B], Esq., was entered.

X. On August 16, 1976, an arbitration panel awarded plaintiff [E] $400, which on August 22, 1976, was reduced to judgment.

## DISCUSSION

Hearing committee is of the unanimous opinion that respondent is guilty of failing to give appropriate and professional attention to the matter entrusted to him by his client and did not proceed expeditiously to investigate all facets of the case or to take the steps necessary to best serve his client's

interests, when he failed to do anything to resolve the issues involved other than to have written one letter to defendant [D] and then let the matter rest. His testimony in this area was that when originally retained he had concluded the case was very, very weak, really a fruitless expedition and hoped that with the passage of time his client would forget all about it. However, although he had made such an unwarranted and indefensible determination he didn't so inform his client and when he didn't hear from her for almost a year (he testified it could have been two years) he concluded erroneously that she was willing to drop the case, but again didn't communicate with her to that effect.

Respondent was content to let the matter rest without any further consideration or effort on his behalf until sometime in 1974, when the complainant was able, at long last, to finally reach him by telephone whereupon he informed her he had decided to drop the case because he had determined it was too small a claim for him to handle, but he didn't return her papers nor did he do anything to further her interests until early in 1975, after she had filed a complaint with the Disciplinary Board, when he instituted suit.

Accordingly, it is the unanimous opinion of this hearing committee that respondent is guilty of violating the following disciplinary rules: Rule D.R. 6-101(A)(3) when he shamefully neglected to attend to a legal matter entrusted to him; Rule D.R. 7-101(A)(1) intentionally failing to seek lawful means to best serve his client and Rule D.R. 7-101(A)(3) when by his inattention over a long period of time he prejudiced his client's cause during their professional relationship.

Respondent's guilt stems from his dilatory con-

duct and a lack of understanding of his professional responsibilities to a client, is reprehensible in one who is privileged to hold himself out as a lawyer, and calls for sanctions because by his inattention, neglect and cavalier attitude to a client's cause he demeans the profession in the eyes of the ordinary citizen and will not be tolerated.

It is the considered opinion of this hearing committee that although respondent's thoughtless and reprehensible conduct because of a disposition to take his duties and responsibilities lightly, may have indicated his unfitness to practice law; when considered in the light of the full record, must result in the conclusion that his conduct was not motivated by fraud, deceit or self gain but from inexperience and thoughtlessness and accordingly is not guilty of violating Rule D.R. 1-102(A)(6) which adversely reflects on his fitness to practice law.

However, the obvious professional shortcomings of respondent must not and will not be tolerated.

## RECOMMENDED DISPOSITION OF THE PETITION

Accordingly, it is the unanimous recommendation of the hearing committee that respondent be given a private informal admonition by disciplinary counsel pursuant to Rule 204(6) of the Rules of Disciplinary Enforcement.